Curia, per Johnston, Ch.
Perhaps the opinion, (which, from ill health at the time. I delivered orally,) in this cause, was not sufficiently distinct to show that I did,not put the decision upon the grounds indicated by the appeal.
I -took it that the judgment obtained at law against Cleary and wife, was in itself conclusive that the demand upon which it was rendered was the debt of the wife before the coverture ; and that if there was any doubt of this, it was ended by her answer in this case, which (as appears by the brief ) admits the fact to be so. This judgment survived against the wife, upon the death of her husband, and constitutes a present debt against Mrs. Cleary, for which she is as conclusively bound as for any debt she may now contract. We are not to go behind the judgment and enquire whether it was rendered upon a purchase for this or that trust estate. We are to regard it as the personal debt of the wife, irrespective of the purpose for which it was contracted.
There being no unsettled and unincumbered property of Mrs. Cleary, to which the plaintiff can resort for satisfaction of his demand against her, and she being exempted from a ca. sa., the question is, whether he is not entitled to a remedy out of the income of her trust estate, in the hands of her co-defendant : and of this no doubt has been expressed if the demand against her were only for her own personal contract; and I have just remarked that that is its character.
Certainly there is nothing in the decree or the case, from which it can be fairly infered that the demands upon one trust estate are chargeable upon another. The principle upon which the decree manifestly rests, is, that a contract for which neither *324 trust is liable, as being the contract of neither of the trustees, but of the cestui que trust herself, may be satisfied out of her income from either trust estate, if there be no other remedy.
It is ordered that the appeal be dismissed and the • decree affirmed.
The whole court concurred.